Tina L. Morin, Esq.
MORIN LAW FIRM, PLLC
125 West Granite Street, Suite 109
Butte, Montana  59701
(406) 782-5671
*Attorney for Plaintiffs*

**UNITED STATES DISTRICT COURT
DISTRICT OF MONTANA
MISSOULA DIVISION**

| | |
|---|---|
| BRAD WIEDER and LEON WIEDER, <br><br> Plaintiffs <br><br> v. <br><br> MISSOULA LIVESTOCK EXCHANGE, LLC, JOE SEYMOUR, CAMILLE COUGHLIN, JAY COUGHLIN, RICHARD SMITH, VERN GRABOW, VIC RALLS, ANDREW JACKSON, CRAIG BRITTON and DOES 1-5. <br><br> Defendants. | CAUSE NO. _____ <br><br> COMPLAINT and DEMAND FOR JURY TRIAL |

COMES NOW, Plaintiffs, Brad Wieder and Leon Wieder and in Complaint against the Defendants and for certain relief, alleges and states that the Defendants have knowingly engaged in deceit, unjust enrichment, breach of the covenant of good faith and fair dealing, negligent infliction of emotional distress and breach of contract by enticing Plaintiffs to pay a large sum of money for cattle which the Defendants never produced and never intended to produce.

# PARTIES

1.      Plaintiff Brad Wieder is a resident of and domiciled in Charlo, Montana, Lake County and a citizen of the state of Montana and the United States. Brad Wieder is a citizen of a state other than the state of citizenship of one of the defendants.

2.      Plaintiff Leon Wieder is a resident of and domiciled in Charlo, Montana, Lake County and a citizen of the state of Montana and the United States. Leon Wieder is a citizen of a state other than the state of citizenship of one of the defendants.

3.      Defendant Missoula Livestock Exchange, LLC is a Montana firm with its principal place of business in Missoula, Montana. Defendant Missoula Livestock Exchange, LLC is a citizen of the state of Montana because it is incorporated in Montana.

4.      Defendant Joe Seymour is a resident and domiciled in Butte, Montana and a citizen of the state of Montana and the United States.

5.      Defendant Camille Coughlin is a resident and domiciled in Helmville, Montana and a citizen of the state of Montana and the United States.

6.      Defendant Jay Coughlin is a resident and domiciled in Helmville, Montana and a citizen of the state of Montana and the United States.

7.      Defendant Richard Smith is a resident and domiciled in Stevensville,

Montana and a citizen of the state of Montana and the United States.

8.  Defendant Vern Grabow is a resident and domiciled in Oro Valley, Arizona and a citizen of the state of Arizona and the United States.  Vern Grabow is a citizen of a state other than the state of citizenship of each plaintiff.

9.  Defendant Vic Ralls is a resident and domiciled in Florence, Montana and a citizen of the state of Montana and the United States.

10.  Defendant Andrew Jackson is, to the best of our knowledge, a resident and domiciled in Missoula, Montana and a citizen of the state of Montana and the United States.

11.  Defendant Craig Britton is a resident and domiciled in Missoula, Montana and a citizen of the state of Montana and the United States.

## JURISDICTION AND VENUE

12.  Because some of Defendants' activities giving rise to this Complaint were in violation of Federal law and because defendant Grabow resides in Arizona and the amount in controversy exceeds $75,000, diversity and the Federal dollar requirement in controversy are present.  Therefore, jurisdiction and venue are properly in this Court pursuant to 28 U.S.C. § 1332.

13.  Because the Plaintiffs and one of the Defendants are citizens of and domiciled in different states, diversity of citizenship is established pursuant to 28 U.S.C. § 1332.

14. The diversity jurisdiction "amount in controversy" requirement is satisfied because Plaintiffs, both collectively and individually, seek in excess of $75,000. As such, the Court possesses original jurisdiction over Plaintiffs' claims unless it appears "to a legal certainty that the claim is really for less than the jurisdictional amount". *St. Paul Indem. Co. v. Red Cab. Co.,* 303 U.S. 283, 289 (1938).

15. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a), due to the diversity of citizenship between the parties, being that one of the Defendants is a citizen of a state other than the state of citizenship of each plaintiff, and the fact that the amount in controversy exceeds $75,000, exclusive of interest and costs. This Court has personal jurisdiction over Defendants herein in that each entity, individually or through its employee(s), representative(s) and/or agent(s) of the names entities have subjected themselves to the jurisdiction of this Court.

16. Venue is proper in this Court because Defendants have violated laws of the state of Montana within Montana, have obligated themselves to the Plaintiffs within Montana, and have specifically chosen to maintain a corporate presence within and substantial contacts with the state of Montana.

17. Defendants have violated both state and Federal laws governing the sale of livestock including, but not limited to, violation of the Administrative Rules

(32), Montana Code Annotated (81) CFR (9) and the USDA Federal Packers and Stockyard Act.  Additionally, Defendants, in using the phone lines have violated Federal Communication laws.

## COUNT I – DECEIT

18.   Plaintiffs reallege paragraphs 1 through 17 as if repeated verbatim, and by this reference incorporates said allegations herein.

19.   Defendants represented to the Plaintiffs that for a sum certain, the Defendants would provide a one-brand herd of cattle.

20.   Defendants intended for the Plaintiffs to rely on their representation that cattle would be presented in exchange for a sum certain.  Defendants provided photographs of the cattle.

21.   Plaintiffs did not know that the Defendants' representations were false.

22.   Plaintiffs, in reliance on the Defendants' representations, took out a loan and paid good and full consideration to the Defendants for the promised cattle.

23.   Deceitfully, knowingly and after cashing the Plaintiffs' check, the Defendants did not produce any cattle.

5

24. The Defendants purposeful failure to produce the promised cattle violates both state (Department of Livestock) and Federal (Department of Livestock) laws.

25. The Plaintiffs were damaged by the Defendants' deceitful misrepresentation when the promised cattle were never produced.

## COUNT II – BREACH OF CONTRACT

26. Plaintiffs reallege paragraphs 1 through 25 as if repeated verbatim, and by this reference incorporates said allegations herein.

27. Defendants promised to produce cattle to the Plaintiffs in exchange for a sum certain.

28. Plaintiffs promised to pay and did pay to the Defendants a sum certain in exchange for the promised cattle.

29. Defendants did not produce the promised cattle but took Plaintiffs money.

30. Defendants breached their verbal contract/promise.

## COUNT III – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

31. Plaintiffs reallege paragraphs 1 through 30 as if repeated verbatim, and by this reference incorporates said allegations herein.

32. Defendants' failure to produce the promised cattle has caused, and continues to cause, the Plaintiffs' severe emotional distress.

33. Plaintiffs have experienced severe emotional distress caused by the Defendants' failure to honor their word binding them to the contract.

34. Defendants have caused severe emotional distress to the Plaintiffs through financial devastation.

## COUNT IV – UNJUST ENRICHMENT

35. Plaintiffs reallege paragraphs 1 through 34 as if repeated verbatim, and by this reference incorporates said allegations herein.

36. Defendants unjustly enriched themselves by enticing the Plaintiffs into paying Defendants a sum certain for cattle that the Defendants did not produce.

37. Defendants have received a sum certain of money – money which they still have – while simultaneously not producing the promised cattle.

38. Defendants have unjustly enriched themselves to the severe detriment of the Plaintiffs.

## COUNT V – BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

39. Plaintiffs reallege paragraphs 1 through 38 as if repeated verbatim, and by this reference incorporates said allegations herein.

40. Defendants, by withholding the promised cattle and taking the money from Plaintiffs for the cattle, did not act in good faith.

41. Defendants, by withholding the promised cattle while simultaneously taking money from the Plaintiffs, have breached the Covenant of Good Faith and Fair Dealing.

42. Plaintiffs' have been severely damaged because of the Defendants' breach.

43. Defendants' actions and breach are punitive.

## COUNT VI – NEGLIGENCE

44. Plaintiffs reallege paragraphs 1 through 43 as if repeated verbatim, and by this reference incorporates said allegations herein.

45. Defendants were negligent in their supervision of their employees and conducting their business.

46. Defendants were negligent in providing for Plaintiffs' best interest.

## COUNT VII – FRAUD

47. Plaintiffs reallege paragraphs 1 through 46 as if repeated verbatim,

and by this reference incorporates said allegations herein.

48. Defendants fraudulently conducted themselves in lying about cattle available for sale, taking the Plaintiffs' money for cattle they had no intention of producing and leaving the Plaintiffs financially devastated.

49. Defendants misrepresented cattle for sale to the Plaintiffs.

50. Defendants falsely asserted they had a one brand herd of cattle to sell to the Plaintiffs.

51. Defendants' false assertion they had cattle to sell was a material component to the agreement with the Plaintiffs.

52. Defendants knew or should have known that the representation of cattle to sell the Plaintiffs was false. They continue to know that the representation of cattle to sell was false because the cattle have never been produced, yet Defendants have kept the Plaintiffs' money.

53. Defendants intended to procure money from the Plaintiffs for cattle that were never produced and remain not produced to this day. Plaintiffs relied upon Defendants' promise to sell a one brand cattle herd because Plaintiffs paid the money.

54. Defendants' intent on misleading the Plaintiffs into paying money for a cattle herd that Defendants never intended to produce was completely unknown

to the Plaintiffs. The Plaintiffs were entirely ignorant of the Defendants' misrepresentations because the Defendants showed the Plaintiffs pictures of cattle the Defendants said was the herd they were to receive.

55. The Plaintiffs relied on the Defendants' lies, misrepresentations, deceit and fraudulent presentation of a cattle herd for sale as evidenced by the Plaintiffs' payment for the cattle.

56. Plaintiffs had the right to rely upon the Defendants' representation of cattle for sale because the Defendants are in the business of selling cattle, the representations were made by the Defendants' employee/agent/representative, the representations were made on the Defendants' property, the representations were made using an electronic device listed on Defendants' sales brochures and Defendants held themselves out as a livestock company in the business of buying and selling cattle.

57. Upon Defendants' lies, misrepresentations, deceit and fraud, the Plaintiffs subsequently and proximately suffered, including but not limited to, injures that are both emotional and financial.

58. Defendants knew their employee/agent/field representative had obtained money from other persons, not the Plaintiffs, in similar fraudulent ways prior to the fraud committed against the Plaintiffs.

59. Defendants fraudulent actions met all of the elements comprising fraud:

a) Defendants represented they had a one brand herd of cattle to sell;

b) Defendants falsely represented they had cattle to sell to the Plaintiffs;

c) Defendants false presentation that they had cattle to sell and would sell those cattle to Plaintiffs was/is material to the agreement;

d) Defendants had knowledge, or should have had knowledge, that the cattle herd did not exist. They had knowledge that they were not going to produce cattle to the Plaintiffs in exchange for payment from Plaintiffs. And, Defendants had knowledge that their employee/agent/representative had made false representations to Plaintiffs and that he accepted Plaintiffs' money on their behalf and did not produce the cattle.

e) The Defendants intended that Plaintiffs would rely upon their false representations that they had cattle to sell and would produce those cattle upon receipt of Plaintiffs' money.

f) Plaintiffs were completely ignorant of the Defendants' false representations;

g) The Plaintiffs had a right to rely upon Defendants and their employee/agent/representative's representations which were false.

h) The Plaintiffs were consequently and proximately injured in their

11

reliance on the Defendants' false representations.

60.     Defendants' fraudulent activities have proximately caused injury and damages to the Plaintiffs.

WHEREFORE, Plaintiffs pray for relief and petition for:

1.      Judgement against the Defendants.

2.      An Order for repayment of the sum certain plus 10% interest.

3.      Damages for emotional distress, lost business opportunity, pain and suffering, humiliation, future losses, breach of contract, unjust enrichment, breach of the covenant of good faith and fair dealing, deceit, punitive damages, financial devastation and fraudulent activities.

4.      Treble damages as allowed by deceit statutes.

5.      Lost calf crops for each year the cattle were not produced.

6.      Costs and reasonable attorney fees in being forced to bring this action.

7.      Such other and further relief allowable by law, this Court and as the jury sees fit.

Dated this 30th day of December, 2016.

          MORIN LAW FIRM, PLLC

          /s/  Tina L. Morin

          Tina L. Morin, Esq.
          MORIN LAW FIRM, PLLC
          125 West Granite Street, Suite 109
          Butte, Montana  59701
          *Attorney for Plaintiffs*

## **DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiffs, Brad Wieder and Leon Wieder and demand a trial by jury of all the issues in the above-entitled action.

Dated this 30th day of December, 2016.

          MORIN LAW FIRM, PLLC

          /s/  Tina L. Morin

          Tina L. Morin, Esq.
          MORIN LAW FIRM, PLLC
          125 West Granite Street, Suite 109
          Butte, Montana  59701
          *Attorney for Plaintiffs*