IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION



FILED
MAY 0 4 2017
Clerk, U.S District Court
District Of Montana
Missoula

BRAD WIEDER and LEON WIEDER,

Plaintiffs,

vs.

MISSOULA LIVESTOCK EXCHANGE, LLC, JOE SEYMOUR, CAMILLE COUGHLIN, JAY COUGHLIN, RICHARD SMITH, VERN GRABOW, VIC RALLS, ANDREW JACKSON, CRAIG BRITTON, and DOES 1-5,

Defendants.

CV 16–162–M–DWM

ORDER

Defendants seek to dismiss this matter for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).[1] (Doc. 3.) The Complaint alleges that both Plaintiffs and all but one named Defendant are citizens of Montana. Therefore, diversity of citizenship, and thus diversity jurisdiction, do not exist. 28 U.S.C. § 1332(a). In addition, neither federal constitutional nor statutory law creates any of the actions set forth in the Complaint; nor do those

---

[1] Plaintiffs have not timely responded to the motion. *See* L.R. 7.1(d)(1)(D) ("A motion is deemed ripe for ruling at the close of the time for response.")

-1-

actions depend on resolution of a substantial question federal law. 28 U.S.C. § 1331; *Cook Inlet Region, Inc. v. Rude*, 690 F.3d 1127, 1130 (9th Cir. 2012). Thus, federal question jurisdiction does not exist and this Court lacks subject matter jurisdiction to hear this matter.

Accordingly, IT IS ORDERED that the motion (Doc. 3) is GRANTED. Plaintiffs' Complaint is DISMISSED WITHOUT PREJUDICE.[2] Fed. R. Civ. P. 12(b)(1).

DATED this 4th day of May, 2017.

Donald W. Molloy, District Judge
United States District Court

---

[2] After the deadline to respond had passed, Plaintiffs filed a document entitled "Plaintiff's Response to Defendants' Motion to Dismiss and Plaintiffs' Intent to Remove Matter to Salish and Kootnai [sic] Tribal Court Jurisdiction." (Doc. 6.) This document is not responsive to Defendants' motion to dismiss. Nor is "removal" from federal court an option under the Federal Rules of Civil Procedure. *See generally* Fed. R. Civ. P. 41.